**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARIA GRACIA**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 20-cv- |
| | ) | |
| -vs- | ) | Judge: |
| | ) | |
| **TARGET CORPORATION,** | ) | Magistrate Judge: |
| | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

To: The Honorable Judges of the  Sean Baker
United States District Court  Seidman, Margulis & Fairman, LLP
for the Northern District of Illinois  Two First National Plaza
Eastern Division  20 South Clark Street, Ste. 700
219 S. Dearborn Street  Chicago, IL 60603
Chicago, IL 60604

Pursuant to *28 U.S.C. § 1441, et seq.,* and *28 U.S.C. § 1332,* Defendant, **TARGET CORPORATION**, by and through one of its attorneys, Robert M. Burke of JOHNSON & BELL, LTD., hereby gives notice of the removal of the above captioned action from the Circuit Court of Cook County, Cause No. 20-L-013046, to the United States District Court, Northern District of Illinois, Eastern Division, and in support thereof, states the following:

1. This action is being removed to federal court based upon the diversity of citizenship of the parties to this cause, and the existence of the requisite amount in controversy, as is also more fully set forth below.

2. On December 8, 2020, Plaintiff, Maria Gracia, initiated the above captioned lawsuit by the filing of a Complaint entitled *Maria Gracia v. Target Corporation,* Docket No. 20-L-013046, in the Circuit Court of Cook County, Illinois. *A*

*copy of the Complaint at Law is attached hereto as Exhibit "A" and incorporated herein by reference.*

3. On or about December 11, 2020, Plaintiff caused a Summons to be issued for service upon the registered agent of Target Corporation. *A copy of said Summons is attached hereto as Exhibit "B" and incorporated herein by reference.*

3. Service was obtained on Target Corporation's registered agent on December 18, 2020.

4. The United States District Court for the Northern District of Illinois, Eastern Division, has jurisdiction over the above captioned lawsuit pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 for the following reasons:

(a) Plaintiff, Maria Gracia, at the time the lawsuit was commenced and at all relevant times, has been a resident and citizen of the State of Illinois;

(b) Defendant, Target Corporation, at the time the lawsuit was commenced and at all relevant times, has been a Minnesota corporation with its principal place of business in Minnesota; therefore, for diversity of citizenship purposes, it is a citizen of the State of Minnesota;

(c) According to the allegations contained in Plaintiff's Complaint herein, the amount of damages sought in this action by Plaintiff is an amount in excess of $50,000.00. (See page 3 of Exhibit "A".) Plaintiff, Maria Gracia, claims to have sustained "great pain and suffering and a loss of a normal life, has incurred medical expenses in relation to same, and has lost wages." (Exhibit "A" at paragraph 6.) Plaintiff further alleges that she "will continue to suffer from said injuries, incur medical expenses and sustain a loss of a normal life in the future." (Exhibit "A" at paragraph 6.) She also asserts that as a result of her fall on Defendant's premises, she "sustained severe and permanent injury." (Exhibit "A" at paragraph 5.) Such allegations that Plaintiff has sustained a permanent injury are sufficient to trigger the duty to remove the case. *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002*)*; *Varkalis v. Werner Co. & Lowe's Home Center*, No. 10-cv-3331, 2010 WL 3273493 (N.D. Ill. Aug. 18, 2010), a copy of which decision is attached hereto as Exhibit "C". Moreover, it appears that Plaintiff sustained a dislocated and/or fractured patella and has had or will schedule surgery for her knee injury;

2

(d) Based upon the foregoing, it is Defendant's good faith belief that while liability, causation, and damages will be contested, the amount in controversy in this action exceeds $75,000.00, exclusive of interest and costs;

(e) This Notice of Removal is being filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, within thirty (30) days of service of the Summons and Complaint on this Defendant;

(f) This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to 28 U.S.C. § 1441(a).

5. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois.

**WHEREFORE, TARGET CORPORATION** respectfully requests that this case proceed before this Court as an action properly removed.

Respectfully submitted,

JOHNSON & BELL, LTD.

By: /s/ Robert M. Burke
One of the Attorneys for the Defendant,
Target Corporation

Robert M. Burke, #6187403
Michael J. Linneman, #6275375
JOHNSON & BELL, LTD.
33 W. Monroe St., Suite 2700
Chicago, Illinois 60603
(312) 372-0770
burker@jbltd.com
linnemanm@jbltd.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                **/s/ Robert M. Burke**
                                Robert M. Burke, #6187403
                                Attorneys for Defendant
                                Target Corporation
                                JOHNSON & BELL, LTD.
                                33 W. Monroe St., Suite 2700
                                Chicago, Illinois 60603
                                Telephone: (312) 372-0770
                                Fax: (312) 372-9818
                                E-mail: burker@jbltd.com

FILED
12/8/2020 11:39 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
11406487

**IN THE CIRCUIT COURT OF COOK COUNTY – ILLINOIS**
**COUNTY DEPARTMENT – LAW DIVISION**

MARIA GRACIA, )
    Plaintiff, )
                              )
                              )   No.:  **2020L013046**
v. ) 
                              )
TARGET CORPORATION d/b/a )
TARGET STORES and/or TARGET )
    Defendant. )

## COMPLAINT

NOW COMES the Plaintiff, Maria Gracia, by and through her attorneys, Seidman, Margulis & Fairman, and for her Complaint against the Defendant, Target Corporation d/b/a Target Stores and/or Target, states the following:

1. At all times relevant to this Complaint, the Plaintiff, Maria Gracia, was a resident of Bridgeview, Cook County, Illinois;

2. At all times relevant to this Complaint, Defendant, Target Corporation d/b/a Target Stores and/or Target ("Target"), was a foreign corporation, licensed under the laws of the State of Illinois, doing business from a common address of 7100 South Cicero Avenue, Bedford Park, Cook County, Illinois, known locally as Target with a corporate store number 841.

3. On or about June 28, 2019, Maria Gracia was a lawful invitee of the Defendant's retail location, Store #841, commonly known as Target located at 7100 South Cicero Avenue, Bedford Park, Cook County, Illinois.

4. At all times relevant stated herein, the Defendant, Target, by and through its agents, servants and/or employees, owed a duty to exercise reasonable care in the operation, management, maintenance and/or control of the aforementioned Target so as to avoid the creation of hazards for those lawfully on the premises, including the Plaintiff.

**EXHIBIT A**

5. In violation of said duty, Defendant, Target, by and through its agents, servants and/or employees, was negligent in one or more of the following ways:

(a) Failed to clean and dry the floor, creating a hazard for those lawfully walking in the area by the milk and juice coolers, including the Plaintiff, Maria Gracia so that they would not slip and fall on juice and other liquids in said isle;

(b) Failed to place a sign or other warning device to alert those lawfully in the area of the presence of liquid on the floor when it knew, or in the exercise of reasonable care should have known of the hazards it posed to individuals walking in the milk and juice isle;

(c) Failed to prevent those lawfully on the premises from ambulating across the wet area when it knew, or in the exercise of reasonable care should have known of the spilled juice on the floor in the milk and juice isle and the hazards it posed; and

(d) Failed to place floor mats or other protective floor covering in the area to prevent accumulation of spilled juice and liquids which created a slipping hazard to individuals such as the Plaintiff walking in the milk and juice isle.

5. As a direct and proximate result of one or more of the aforementioned negligent acts and/or omissions committed by Defendant, the Plaintiff, Maria Gracia, was caused to violently fall to the ground, sustained severe and permanent injury when she slipped and fell on a wet substance.

6. As a further direct and proximate result of the aforementioned negligent acts and/or omissions committed by the Defendant, the Plaintiff, Maria Gracia, has sustained great pain and suffering and a loss of a normal life, has incurred medical expenses in relation to same, and has lost wages. Plaintiff will continue to suffer from said injuries, incur medical expenses and sustain a loss of a normal life in the future.

WHEREFORE Plaintiff, Maria Gracia, prays that this Honorable Court enter judgment in her favor and against the Defendant, Target Corporation d/b/a Target Stores and/or Target, in an amount in excess of $50,000.00 plus the costs of this suit and whatever relief this Honorable Court finds just and reasonable.

                          Respectfully submitted,
                          Seidman, Margulis & Fariman, LLP

            By:    /s/Sean M. Baker

Sean M. Baker
Seidman Margulis & Fairman, LLP
Two First National Plaza
20 South Clark Street, Suite 700
Chicago, Illinois 60603
(312) 781-1977 (P)
sbaker@seidmanlaw.net
Firm No.: 57415



# Service of Process Transmittal
12/18/2020
CT Log Number 538769023

| | |
|---|---|
| **TO:** | Sue Carlson<br>Target Corporation<br>1000 Nicollet Mall<br>Minneapolis, MN 55403-2542 |
| **RE:** | **Process Served in Illinois** |
| **FOR:** | Target Corporation  (Domestic State: MN) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARIA GRACIA, PLTF. vs. TARGET CORPORATION, ETC. AND TARGET, DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020L013046 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 12/18/2020 at 03:23 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 12/18/2020, Expected Purge Date: 12/23/2020<br><br>Image SOP<br><br>Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Page 1 of  1 / AS

**EXHIBIT B**



## PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Dec 18, 2020

**Server Name:** Sheriff Drop

| Entity Served | TARGET CORPORATION |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | 2020L013046 |
| Jurisdiction | IL |



Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                    (06/28/18) CCG 0001

FILED
12/11/2020 11:11 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L013046

11460075

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

MARIA GRACIA, Plaintiff,

(Name all parties)

v.

Target Corporation d/b/a Target Stores, et al., Defs.

Case No. 2020L013046

☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant: **TARGET, c/o C T CORPORATION SYSTEM, Registered Agent, 208 SOUTH LASALLE STREET, SUITE 814, CHICAGO, ILLINOIS 60604**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

Witness: _____

12/11/2020 11:11 AM IRIS Y. MARTINEZ

Atty. No.: 57415

Atty Name: Sean M. Baker

Atty. for: Plaintiff

Address: 20 South Clark Street, Suite 700

City: Chicago     State: IL

Zip: 60603

Telephone: (312) 781-1977

Primary Email: sbaker@seidmanlaw.net

Secondary Email: _____

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

Page 1 of 2

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

**Daley Center Divisions/Departments**

- Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

# Varkalis v. Werner Co.

United States District Court, N.D. Illinois, Eastern Division. • August 18, 2010 • Not Reported in F.Supp.2d • 2010 WL 3273493 (Approx. 4 p...

2010 WL 3273493

Only the Westlaw citation is currently available.

This decision was reviewed by West editorial staff and not assigned editorial enhancements.

United States District Court,
N.D. Illinois,
Eastern Division.

Mary VARKALIS, as Independent Administrator of the Estate of Michael Varkalis, Plaintiff,
v.
WERNER CO. & Lowe's Home Center Inc., d/b/a Lowe's, Defendants.

No. 10 C 03331.
Aug. 18, 2010.

## Attorneys and Law Firms

Martin A. Dolan, Dolan Law Offices, P.C., Chicago, IL, for Plaintiff.

Michael Joseph Meyer, Eric Franklin Long, Stephen Sloan Weiss, Tribler Orpett and Meyer, P.C., Chicago, IL, for Defendants.

*MEMORANDUM AND ORDER*

BLANCHE M. MANNING, District Judge.

\*1 The defendants removed the instant lawsuit from the Circuit Court of Cook County and the plaintiff has filed a motion to remand. For the reasons stated below, the motion is granted.

**I. FACTS**

Defendant Werner Co. ("Werner") allegedly manufactured and designed a nine-foot fiberglass stepladder sold by Defendant Lowe's Home Centers Inc. ("Lowe's"). On or around December 21, 2008, Michael Varkalis was using the stepladder in his garage when it buckled and Michael fell and struck his head on the garage floor. He suffered irreversible brain damage and died on August 18, 2009.



EXHIBIT C

II. PROCEDURAL HISTORY

On March 15, 2010, Mary Varkalis, as independent administrator of Michael Varkalis's estate, filed a seven-count complaint in the Circuit Court of Cook County, Illinois, alleging product liability, negligence, breach of warranty, and a Survival Act claim. Specifically, the plaintiff alleged that "[w]hile Mr. Varkalis was on the ladder, it buckled, causing him to fall with great force and violence to the ground below." Comp. at ¶ 6. The complaint further alleged that "as a direct and proximate result of the ladder bucking, Michael Varkalis was severely injured, sustaining irreversible brain damage which led to his death on August 18, 2009." *Id.* at ¶ 7. The defendants, Werner and Lowe's, were properly served on March 22, 2010, and March 24, 2010, respectively.

On April 19, 2010, the defendants filed answers and affirmative defenses to the plaintiff's complaint. In addition, they filed a motion to dismiss counts III and VI on the ground that the plaintiff should have filed separate causes of action for breach of express and implied warranties given that separate recovery was available under each. In response to the motion to dismiss, on May 19, 2010, the plaintiff filed an amended complaint removing the word "express" from Counts III and VI, and proceeding only with the breach of implied warranty cause of action against each of the defendants.

On June 1, 2010, the defendants filed a request to admit facts whereby they requested that the plaintiff admit that she sought to recover from the defendants an amount in excess of $75,000, exclusive of interests and costs. One day later, on June 2, 2010, the defendants removed the case to this court pursuant to the court's diversity jurisdiction. The plaintiff then filed the instant motion to remand on the ground that the removal was untimely.

III. ANALYSIS

A. *Standard for Removal*

28 U.S.C. § 1446(b) states that a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceedings is based." 28 U.S.C. § 1446(b). Any procedural defect in a case being removed to federal court must be remanded to the state court. *Disher v. Citigroup Global Mkts., Inc.,* 487 F.Supp.2d 1009, 1015 (S.D.Ill.2007) ("where there is doubt as to whether the requirements have been satisfied, the case should be remanded.") (internal citations omitted). Under 28 U.S.C. § 1446(b), a defendant may file a notice of removal within thirty days from receipt of an amended pleading. *See, e.g., Benson v. SI*

*Handling Systems, Inc.,* 188 F.3d 780, 782 (7th Cir.1999) (*citing* 28 U.S.C. § 1446(b)). However, this general rule applies only when the original complaint is not removable. *Mortgage Elec. Registration Sys. v. Rothman,* No. 04 C 5340, 2005 WL 497794, at *5 (N.D.Ill. Feb.28, 2005).

### B. *Amount in Controversy*

*2 The plaintiff contends that removal was improper as a matter of law because the defendants did not file the notice of removal within thirty days of service of the original complaint, which was April 21, 2010. Instead, the defendants filed their notice of removal on June 2, 2010, and maintain that it was timely regardless of the fact that the filing date was over sixty days from notice of the original complaint. According to what the court understands the defendants to be arguing, it was only when they received the amended complaint that they became aware of the possibility for removal because the amount in controversy alleged in the original complaint was not sufficient to trigger diversity jurisdiction. [1]

Diversity jurisdiction exists where the parties are diverse and where the amount in controversy exceeds $75,000, not including interest and costs. *See* 28 U.S.C. § 1332(a). There is no dispute that the parties are diverse; rather, the defendants argue that the plaintiff did not adequately state an amount in controversy that would have put the defendants on notice of the possibility for removal to federal court. According to the defendants, the original and amended complaint were ambiguous because they sought only "a sum in excess of the minimal jurisdictional limits of the Law Division of the Circuit Court of Cook County," which amounts to $50,000.

Generally, when a complaint does not express the *ad damnum* in excess of $75,000, the defendant may file its removal notice within thirty days from the plaintiff's admission that they are seeking more than $75,000. *Height v. Southwest Airlines, Inc.,* No. 02 C 2854, 2002 WL 1759800, ----2–3 (N.D.Ill. Jul.29, 2002); *Abdishi v. Phillip Morris, Inc.,* No. 98 C 1310, 1998 WL 311991, at *1–3 (N.D.Ill. June 4, 1998).* In this case, on June 1, 2010, the defendants filed a request to admit facts to establish that the amount in controversy exceeded $75,000, but did not wait for a response before filing the notice of removal.

A defendant must employ "a reasonable and commonsense reading" of the complaint to determine removability. *RBC Mortgage Comp. v. Couch,* 274 F.Supp.2d 965, 969 (N.D.Ill.2003) (*citing McCoy v. GMC,* 226 F.Supp.2d 939, 941 (N.D.Ill.2002)). A "defendant [is barred from] circumvent[ing] the thirty-day time limit for removal when it is obvious that a complaint states a claim for damages in excess of $75,000, even though it is not

explicitly stated in its *ad damnum* clause." *Gallo v. Homelite Consumer Prods.,* 371 F.Supp.2d 943, 947 (N.D.Ill.2005). Absolute confirmation of the amount in controversy is not necessary where the "plaintiffs allege serious, permanent injuries and significant medical expenses" which exceed $75,000 on the face of the complaint. *Fields v. Jay Henges Enters.,* No. 06–323–GPM, 2006 WL 1875457, at *3 (S.D.Ill. June 30, 2006). *See also RBC Mortgage Co.,* 274 F.Supp.2d at 969 (complaints alleging "serious, permanent injuries" are "unambiguous[ly]" ripe for removal because the plaintiff almost certainly will seek more than $75,000) (citation omitted); *McCoy,* 226 F.Supp.2d at 941 (the 30–day removal period under the first sentence of § 1446(b) is triggered when the complaint alleges "serious, permanent injuries and significant medical expenses, [and] it is obvious from the face of the complaint that the plaintiffs' damages exceed [ ] the jurisdiction[al] amount").

**\*3** Under this standard, the allegations in the original complaint sufficiently alleged the types of serious, permanent injuries to place the defendants on notice that the plaintiff will "almost certainly" seek more than $75,000 such that the defendants could have removed the complaint. The defendants may not restart the tolling clock by requiring absolute certainty of the amount in controversy. *Fields,* No. 06–323–GPM, 2006 WL 1875457, at *7 ("defendants should never ... be able to toll the removal clock indefinitely through reliance on the discovery process to establish jurisdictional prerequisites with absolute certainty"). *See also Huntsman Chem. Corp. v. Whitehorse Techs.,* No. 97 C 3842, 1997 WL 548043, at *5 (N.D.Ill. Sept.2, 1997) (citing *Mielke v. Allstate Ins. Co.,* 472 F.Supp. 851, 853 (D.C.Mich.1979) ("there is no reason to allow a defendant additional time if the presence of grounds for removal are unambiguous in light of the defendant's knowledge and the claims made in the initial complaint."). Because the removal was untimely, the plaintiff's motion to remand the case to state court is granted. [2]

**IV. CONCLUSION**

For the reasons stated above, the motion to remand the case to the Circuit Court of Cook County [8–1] is granted. The clerk is directed to remand this matter forthwith.

## All Citations

Not Reported in F.Supp.2d, 2010 WL 3273493

Back to top

**Footnotes**

1   It is difficult to decipher exactly what the defendants' argument is in response to the motion to remand. While on the one hand they cite to caselaw stating that a defendant may remove within 30 days after receiving a copy of an amended pleading from which it may first be ascertained that the case is one which is removable, they also argue that they "technically *still* have not received a pleading, motion, order, or "other paper" to confirm that this case is removable" and thus, "one could argue that this case is not yet ripe for removal." Response at 2, Dkt. # 12 (emphasis in original). They go on to argue that "[h]owever, because plaintiff has not contested the removal on the amount in controversy issue [and instead challenges only as to timeliness], the Court can reasonably assume that she will seek more than $75,000." *Id.* Either way, both of the defendants' arguments fail for the reasons described later in this order.

2   The plaintiff alternatively argues that the defendants waived their right to remove the case based on their filing of a partial motion to dismiss in state court. Because the court concludes that the removal was untimely, it need not address this alternative basis for remand.

---

End of Document     © 2020 Thomson Reuters. No claim to original U.S. Government Works.

## Related documents

**Selected topics** | Secondary Sources | Briefs | Trial Court Documents

Sales
Remedies of Buyer
[Federal Common Law Government Contractor Defense](#)

---

Contact us • Live chat • Training and support • Improve Westlaw Edge • Transfer My Data • Pricing guide • Sign out       
1-800-REF-ATTY (1-800-733-2889)

Westlaw Edge. © 2020 Thomson Reuters     Accessibility • Privacy • Supplier terms     *Thomson Reuters is not providing professional advice*

Back to top